## HALL *versus* HOUGHTON.

A party, calling a witness who misstates a particular fact, is not precluded from showing by other competent evidence the truth of the fact, in contradiction to the testimony of his own witness.

The magistrate's certificate to a deposition is evidence only of such facts, as the statute requires him to certify.

Depositions taken without notice being given to the adverse party, as required by law, cannot be used in the trial of an action, except by consent of the parties.

Although the " adverse party" is present at the taking of the deposition, this fact is not evidence, that he had the *notice* required, or that he waived it.

ON EXCEPTIONS from *Nisi Prius,* WELLS, J., presiding.

TRESPASS, for an assault and battery, alleged in the writ to have been committed on Dec. 20, 1850.

The plaintiff's witnesses, stated the assault to have occurred in December, 1850. A deposition introduced by plaintiff, showed, that the assault he testified to, was in Dec. 1851, which evidence was objected to by defendant as irrelevant, but admitted by the Judge.

The plaintiff offered the deposition of one Robinson, which was objected to for the reason, that the caption did not state, that the "adverse party was notified to attend," although the magistrate certified, "that the defendant was present, and *did not object to the taking of said deposition.*" It was admitted by the Judge.

To these rulings the defendant excepted.

A verdict being returned for plaintiff, a motion was also

made to set it aside for various causes alleged, which it be-comes unnecessary to specify, as the defendant relied upon his exceptions.

*Gerry*, for the defendant.

1. The deposition objected to as irrelevant, was clearly inadmissible. Although time is not material in an action of this kind, it is material, that the acts complained of, should have been committed, before the writ was issued. It will be said the time fixed was a mistake, who knows that, and who is authorized to say so, except the deponent himself?

2. The other deposition was also inadmissible. The re-quirements of the law were not observed. R. S., c. 133, § § 5, 6, 11 and 17. That the statute provision must be complied with, I cite, *Bradstreet* v. *Baldwin*, 11 Mass. 229 ; *Winoosky Turnpike Co.* v. *Ridley*, 8 Vt. 404; *Bell* v. *Morrison*, 1 Peters, 351 ; *Bachelder* v. *Merriman*, 34 Maine, 69 ; *Barnes* v. *Bell*, 1 Mass. 73 ; *Wells* v. *Fiske & al.* 3 Pick. 73.

The magistrate's certificate, that the defendant was pres-ent and did not object, &c., is extra official, and not to be regarded. 1 Greenl. Ev. 545.

*J. C. Woodman*, for the plaintiff.

1. The deposition of Robinson was rightfully admitted. In this State, where there is no notice in fact, but the party attends, it operates as a waiver of notice. *George* v. *Nich-ols*, 32 Maine, 179. So in other States. *Talbot* v. *Bradford*, 2 Bibb. 316 ; U. S. Dig. Vol. 2, page 219, § 291; *Kea* v. *Robinson*, 4 Ird. Eq. 427 ; *Vinal* v. *Burrill*, 16 Pick. 405. And the following cases collaterally support the same view. *Woodman* v. *Coolbroth*, 7 Greenl. 181 ; *Rowe* v. *Godfrey*, 16 Maine, 128; *Brown* v. *Foss*, 16 Maine, 257 ; *Scott* v. *Perkins*, 28 Maine, 22.

2. As to the other deposition, its admission was proper. A party may show, that his witness is mistaken, and the jury have a right so to presume, if satisfied from all the evidence. *Brown* v. *Osgood*, 25 Maine, 508 ; *Woodruff* v. *Westcott*, 12 Conn. 134.

HOWARD J. — The motion of the defendant, if not abandoned, requires no consideration, in the view of the case now taken.

The deposition of *Dean* was admissible in proof of an assault and battery, and it was competent for the plaintiff to prove that they were the same for which this suit is brought, although stated by the deponent to have been committed at a different time. A party calling a witness is not precluded from showing that he mistook and misstated a particular fact; and he may prove the truth of the fact by other competent evidence in contradiction to the testimony of the witness, whether his misstatement was innocent or willful. And there is no reason why a party should not be permitted to correct his witness as to a date, although he may have led the witness into a mistake of it, by his own interrogatory.

Depositions can be used of right, only when taken for the causes, and in the manner provided by statute; and no deposition taken as mentioned, and in cases referred to in the Revised Statutes, c. 133, § § 1, 2, of which class the case at bar is one, "shall be used in the trial of any such cause, except by consent of parties, unless the notice hereinafter mentioned shall have been duly given to the adverse party." § 3. It is required (§ 17,) that the magistrate, before whom the deposition is taken, shall certify, "whether the adverse party was notified to attend;" and "whether he attended or not."

In the caption to the deposition of *Robinson*, there is no certificate of the magistrate respecting notice to the adverse party, but it is certified that he was present, and did not object to the taking. As there is no evidence that he was notified, he might have been present for other purposes, and in the transaction of business inconsistent with taking the deposition; or he might not have been in a condition to know the fact of the taking, and may have been wholly ignorant of it; or, if then apprised of it, he may have been unable to attend to the taking personally, or by counsel.

His presence, merely, is not evidence of the notice required, or proof of a waiver of notice; and there is no evidence of a consent of parties that the deposition should be used at the trial; it was therefore inadmissible against the objection. For this cause the exceptions must be sustained.

The magistrate's certificate, it may be remarked, is evidence of those facts only, which he is required to state in the caption. He cannot extend his certificate to other facts to make them evidence, or to affect the case. The statement, then, by the magistrate, in the certificate, that the adverse party "did not object to the taking of said deposition," was extra-official and unauthorized, and cannot be received in evidence. 1 Phil. Ev. 382, 391; Cowen and Hill's Notes, 702, 741; 1. Greenl. Ev. § 498.

*Exceptions sustained.*

SHEPLEY, C. J., and RICE, HATHAWAY and CUTTING, J. J., concurred.